**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEW JERSEY

**Order Filed on March 29, 2018
by Clerk, U.S. Bankruptcy
Court - District of New Jersey**

|  |  |  |
|---|---|---|
| In re: | : | |
|  | : | CHAPTER 7 |
| REINA I. VIRUET | : | |
| Debtor. | : | |
|  | : | CASE NO.:   15-22851 (SLM) |
|  | : | |
|  | : | |
| REINA I. VIRUET, | : | ADV. NO.:   15-02429 (SLM) |
| Plaintiff, | : | |
| v. | : | |
|  | : | |
| STEPHEN F. RODRIGUEZ, | : | |
| Debtor. | : | |

**OPINION**

**A P P E A R A N C E S :**

John W. Sywilok, Esq.
John W. Sywilok, LLC
51 Main Street
Hackensack, NJ 07601
*Counsel for Plaintiff Reina I. Viruet*

Steven Rodriguez
1455 51st Street
North Bergen, NJ 07047
*Pro Se Defendant*

**STACEY L. MEISEL, UNITED STATES BANKRUPTCY JUDGE**

Debtor Reina I. Viruet seeks to discharge a claim asserted by her ex-husband and creditor, Stephen F. Rodriguez,[1] for repayment of excess child support paid to her. Mr. Rodriguez objects.[2] For the reasons that follow, the Court holds that Mr. Rodriguez's claim is non-dischargeable pursuant to section 523(a)(15) of the Bankruptcy Code[3] because the repayment obligation was made pursuant to a court order in furtherance of the parties' divorce decree. Ms. Viruet's *Motion for Summary Judgment* (the "**Motion**") is denied because it cannot be granted as a matter of law.[4]

## JURISDICTION AND VENUE

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(a) and 157(b), and the Standing Order of Reference from the United States District Court for the District of New Jersey, dated July 23, 1984, as amended September 18, 2012. This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) because it involves a determination as to the dischargeability of particular debts. This is an adversary proceeding under Federal Rule of Bankruptcy Procedure 7001(6) to determine the dischargeability of a debt owed by Ms. Viruet to Mr. Rodriguez. Venue is proper pursuant to 28 U.S.C. § 1409(a). Pursuant to Federal Rule of

---

[1] Ms. Viruet also requests that Mr. Rodriguez's first name be amended from "Stephen" to "Steven." (Adv. Pro. Docket No. 8). The Court observes that Mr. Rodriguez's middle initial may also require amendment from "F." to "T." (Adv. Pro. Docket No. 8-3 at 5-8). Insofar as Ms. Viruet seeks to correct the record for any mistake, subject to Ms. Viruet confirming Mr. Rodriguez's correct name, such relief will be granted pursuant to separate order of this Court. The Court requests that Ms. Viruet submit a proposed corrected caption for this Adversary Proceeding. No change will occur without the submission of a proposed order with the correction.
[2] Mr. Rodriguez filed an objection to the Complaint ("**Objection**"), which was docketed as his Answer. (Adv. Pro. Docket No. 3).
[3] 11 U.S.C. § 101 *et seq.*
[4] (Adv. Pro. Docket No. 8).

Bankruptcy Procedure 7052, the Court issues the following findings of fact and conclusions of law.

## BACKGROUND

The parties married in April 1986 and divorced in June 2014.[5] Pursuant to their divorce decree, Mr. Rodriguez was required to provide Ms. Viruet with $220.00 per week as permanent alimony.[6] Mr. Rodriguez was also required to provide child support for their three children.[7] In 2014, however, Mr. Rodriguez sought and obtained emancipation of their two oldest children.[8] Subsequent to their emancipation, the New Jersey Superior Court, Chancery Division, Family Part Hudson County (the "**Family Court**") ordered an audit of Mr. Rodriguez's child support payments to Ms. Viruet.[9] It was determined that Ms. Viruet owed Mr. Rodriguez $50,410.70 for overpayments of child support (the "**Debt**").[10] To effectuate repayment, the Family Court reduced Ms. Viruet's alimony from $220.00 to $110.00 per week, with the difference in amount to be applied towards satisfaction of the Debt.[11]

On July 8, 2015, Ms. Viruet filed a voluntary Petition under Chapter 7 of the Bankruptcy Code.[12] Ms. Viruet listed the Debt on Schedule E of her Chapter 7 Petition as a disputed, unsecured priority claim.[13] On November 19, 2015, Ms. Viruet initiated the instant Adversary Proceeding seeking to discharge the Debt.[14] In her Complaint, Ms. Viruet asserts that the Debt "is not in the

---

[5] (Adv. Pro. Docket No. 8-1 at 1-2).
[6] (*Id.* at 5).
[7] (*Id.* at 3-7).
[8] (*Id.* at 7). Mr. Rodriguez continues to pay child support in the amount of $91.00 per week for the continued care of their third adult-child, who is disabled and resides with Ms. Viruet. (*Id.* at 4).
[9] (*Id.* and Adv. Pro. Docket 8-3 at 8).
[10] (Adv. Pro. Docket No. 8-1 at 8).
[11] (*Id.* at 9). Ms. Viruet separately asserts that she is entitled to a credit for college expenses estimated to be more than $23,000. (*Id.*)
[12] (Case No. 15-22851, Docket No. 1).
[13] (*Id.* at 15; Adv. Pro. Docket No. 1 at 2).
[14] (Adv. Pro. Docket No. 1 at 6).

nature of a domestic support obligation at the present time."[15]  On December 14, 2015, Mr. Rodriguez, on a *pro se* basis, filed his Objection.[16]  Mr. Rodriguez indicated that the matter is a domestic support issue that "is currently being handled in Family Court . . . and was being addressed by [a]ttorneys for Ms. Viruet and Mr. Rodriguez."[17]  Mr. Rodriguez requested that the "matter not be discharged."[18]

On May 18, 2017, Ms. Viruet filed the instant Motion.[19]  Ms. Viruet argues that the Debt does not fall within the non-dischargeability provisions of section 523(a)(5) of the Bankruptcy Code because it is not a "domestic support obligation" ( "**DSO**").[20]  Ms. Viruet further argues that the Debt is not subject to the provisions of section 523(a)(15) of the Bankruptcy Code because a debt for overpayment of a DSO is not the type of obligation incurred pursuant to a divorce decree, such as a contempt order or "hold harmless" agreement.  Additionally, Debtor asserts that Congress did not intend to except this type of debt from discharge because it would result in disproportionate harm to the spouse to whom the DSO was originally paid.[21]

Mr. Rodriguez did not file a formal opposition to the Motion.  Oral argument on the Motion was adjourned multiple times to allow Mr. Rodriguez an opportunity to file his opposition.  Ultimately, given the purely legal issues involved, the Court agreed to issue its decision on the papers.  The Court will liberally construe the Objection to constitute Mr. Rodriguez's opposition

---

[15] (*Id.* at 2).
[16] (Adv. Pro. Docket No. 3).
[17] (*Id.*)
[18] (*Id.*)
[19] (Adv. Pro. Docket No. 8).
[20] 11 U.S.C. § 523(a)(5); (Adv. Pro. Docket No. 8-3).
[21] (*Id.* at 3).

5

to the relief requested in the Adversary Proceeding, thus extending to him the courtesy afforded to *pro se* litigants.[22]

## ANALYSIS

Federal Rule of Civil Procedure 56, made applicable to this adversary proceeding by Bankruptcy Rule 7056, provides for entry of summary judgment where "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[23] Summary judgment may be granted "where the only issues to be resolved are purely legal."[24] Here, there are no disputes of fact, let alone material fact.[25] Indeed, it is irrelevant that the Motion is unopposed because it solely presents a question of law.[26] Specifically, the Court must determine whether the Debt falls within the discharge exceptions of sections 523(a)(5) and 523(a)(15) of the Bankruptcy Code.

The Court's interpretation of the Bankruptcy Code starts "where all such inquiries must begin: with the language of the statute itself."[27] When the "words of the statute are unambiguous, the judicial inquiry is complete."[28] Section 523(a) of the Bankruptcy Code provides limited exceptions to the general dischargeability of debts of eligible debtors.[29] Section 523(a) establishes

---

[22] *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also In re Grammenos*, 449 B.R. 535, 553 (Bankr. D.N.J. 2012) (Gambardella, J.) ("[A] *pro se* litigant's moving papers must be provided liberal construction.") (citing *Haines*, 404 U.S. at 520)).
[23] Fed. R. Civ. P. 56(a); Fed. R. Bankr. P. 7056; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[24] *Barry v. First Nat. Bank of Mercer Cnty.*, 892 F.Supp. 127, 128 (W.D. Pa. 1994) (citing *U.S. v. Reader's Digest Ass'n,* 662 F.2d 955, 960-61 (3d Cir. 1981), *cert. denied,* 455 U.S. 908 (1982)).
[25] Rather unhelpfully, the Statement of Undisputed Facts filed in support of the Motion only includes two facts: "1. Plaintiff filed for relief under Chapter 7 on July 8, 2015"; and "2. Mr. Rodriguez was listed as a creditor on the Scheduled of Plaintiff." (Adv. Pro. Docket No. 8-2). Nonetheless, Ms. Viruet and Mr. Rodriguez rely on the same orders of the Family Court that were attached to the Motion. (Adv. Pro. Docket No. 8-3). Federal Rule of Evidence 201(c) provides for discretionary judicial notice, irrespective of party request. *See* Fed. R. Evid. 201(c); *see also* Hon. Barry Russell, *Bankruptcy Evidence Manual*, § 201:3. The documents filed in this proceeding and in the main case have been submitted to this Court, and therefore are part of the record in this case. Therefore, the Court takes judicial notice of these documents and their contents for purposes of rendering this Opinion.
[26] *Barry*, 892 F. Supp. at 128.
[27] *U.S. v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989) (further citations omitted).
[28] *In re Taylor*, 737 F.3d 670, 678 (10th Cir. 2013) (quoting *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 98 (2003)).
[29] *De La Cruz v. Cohen (In re Cohen)*, 106 F.3d 52, 55 (3d Cir. 1997), *aff'd sub nom. Cohen v. de la Cruz*, 523 U.S. 213 (1998).

sixteen types of debts that are non-dischargeable under the Bankruptcy Code.[30] As already noted, relevant here are subsections (5) and (15) of section 523(a).

Section 523(a)(5) of the Bankruptcy Code excepts from discharge a debtor's debt on account of a DSO.[31] Section 101(14A) of the Bankruptcy Code defines a DSO, in relevant part, to be a debt that: (1) "accrues before, on, or after" the petition date; (2) is either "owed to or recoverable by" a "former spouse" or "child" of the debtor; (3) is in the "nature of alimony, maintenance, or support" of such former spouse or child; (4) established pursuant to, among other things, "an order of a court of record" or a "divorce decree"; and (5) is not subject to assignment to a "nongovernmental entity", except for the purpose of debt collection.[32] A court is required to analyze the nature of a debt to determine whether it satisfies the statutory elements of a DSO.[33] This is a question of federal, not state, law.[34] "A debt is in the nature of support and consequently non-dischargeable under 11 U.S.C. § 523(a)(5) only when it is 'in substance support.'"[35] "In general, courts conclude that a reimbursement obligation is not a DSO because the reimbursement is not support to the overpaying spouse."[36]

This Court agrees. Here, Ms. Viruet received child support from Mr. Rodriguez, not vice versa. Ms. Viruet's reimbursement obligation to Mr. Rodriguez is not in the "nature" of support and, indeed, was ordered by the Family Court only after finding that Mr. Rodriguez paid *excess*

---

[30] *In re Cohen*, 106 F.3d at 55.
[31] 11 U.S.C. § 523(a)(5).
[32] 11 U.S.C. § 101(14A).
[33] *See In re Gianakas*, 917 F.2d 759, 762 (3d Cir. 1990).
[34] *In re Anthony*, 453 B.R. 782, 786 (Bankr. D.N.J. 2011) (Kaplan, J.).
[35] *Id.* at 786 (quoting *Taylor v. Taylor (In re Taylor),* 455 B.R. 799, 804-805 (Bankr. D.N.M. 2011) (itself quoting *In re Sampson,* 997 F.2d 717, 723 (10th Cir. 1993)).
[36] *In re Enright*, Case No. 15-14736, 2015 WL 4875483, at *3 (Bankr. D.N.J. Aug. 13, 2015) (Altenburg, J.) (citing *In re Knott,* 482 B.R. 852, 856 (Bankr. N.D. Ga. 2012) (collecting cases); *In re Vanhook*, 426 B.R. 296, 301 (Bankr. N.D. Ill. 2010) ("The ensuing debt owed to the creditor as the result of the wrongfully paid child support should not retain the same character as when the creditor originally and mistakenly paid the monies to the debtor.") (collecting additional cases). "*Collier* states that 'most courts' hold that an overpayment of a [domestic support obligation, or DSO] from one spouse to another is not itself a DSO." *Enright*, 2015 WL 4875483 at *3 (citing 2–101 *Collier on Bankruptcy,* ¶ 101.14A (Matthew Bender 2015)).

child support to Ms. Viruet. The Debt is merely reimbursement owed by Ms. Viruet for an overpayment made by Mr. Rodriguez. Therefore, section 523(a)(5) does not except the Debt from discharge. However, the Court's analysis does not cease here.

Section 523(a)(15) of the Bankruptcy Code provides, in relevant part, that a debtor cannot be discharged from any debt to a: (1) "former spouse"; (2) that is *not* a DSO; and (3) "that is incurred by the debtor in the course of a divorce. . . in connection with [an] . . . order of a court of record[.]"[37] The Debt squarely falls into this subsection. The Debt: (1) is owed to Ms. Viruet's "former spouse"; (2) is a reimbursement obligation, *not* a DSO; and (3) was incurred by Ms. Viruet "in the course of" her divorce from Mr. Rodriguez and ordered by the Family Court. Ms. Viruet does not dispute that the plain language of Section 523(a)(15) renders the Debt non-dischargeable. Rather, Ms. Viruet argues that the Court should look to the legislative intent and find that the Debt is not the type of obligation that Congress intended to capture because a finding of non-dischargeability would force a "dependent spouse to be put in a worse position."[38]

However, absent ambiguity, there is no need to look beyond the clear language of the statute to the legislative history. Section 523(a)(15) very clearly includes the type of debt Ms. Viruet seeks to discharge: a debt owed to a former spouse and ordered by a court in connection with a divorce. This Court sees no need to limit the reach of section 523(a)(15) in favor of dependent spouses when Congress places no such limitation and the plain language directs otherwise.[39] Ms. Viruet cites no authority for the proposition that Congress ever intended such a limitation. Such a limitation must come from Congress and is outside this Court's authority.

---

[37] 11 U.S.C. § 523(a)(15).
[38] (Adv. Pro. Docket No. 8-3 at 4).
[39] *See also Taylor*, 737 F.3d at 680-81 (holding that, although a debtor's obligation to repay a former spouse for a support overpayment was not itself a support payment for purposes of section 101(14), and therefore outside the purview of section 523(a)(5), the debtor's repayment obligation did fall within the ambit of section 523(a)(15), and expressly rejecting debtor's request to consider legislative intent over the unambiguous language of the Bankruptcy Code).

8

Accordingly, this Court holds the Debt to be excepted from discharge under 11 U.S.C. § 523(a)(15).

## CONCLUSION

Based on the foregoing, Ms. Viruet failed to establish, as a matter of law, that the Debt is dischargeable. The Motion is DENIED. An appropriate Order will be entered.

Dated: March 29, 2018

*Stacey L. Meisel*
Honorable Stacey L. Meisel
United States Bankruptcy Judge